Jason Torchinsky*
Dennis W. Polio*
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Ph.: 202/737-8808
Email: jtorchinsky@hvjtlaw.com
  dwpolio@hvjtlaw.com
*Lead Counsel for Proposed Intervenors*

Anita Y. Milanovich
MILANOVICH LAW, PLLC
100 E Broadway St.
The Berkeley Room
Butte, Montana 59701
Ph.: 406/589-6856
Email: aymilanovich@milanovichlaw.com
*Local Counsel for Proposed Intervenors*

*pro hac vice motion forthcoming

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| **DONALD J. TRUMP FOR PRESIDENT, INC.**, *et al.*, | Civil Case No. 6:20-cv-00066-DLC |
| *Plaintiffs*, | |
| v. | **Motion to Intervene by Greg Hertz, in his official capacity as Speaker of the House of Representatives of Montana and Scott Sales, in his official capacity as President of the Montana Senate on behalf of the Majorities of the Montana House and Senate** |
| **STEPHEN BULLOCK**, *et al.*, | |
| *Defendants*. | |

Pursuant to Fed. R. Civ. P. 7 and 24, and L.R. 7.1 and 24.1, Proposed Intervenors Greg Hertz, in his official capacity as Speaker of the House of Representatives of Montana and Scott Sales, in his official capacity as President of the Montana State Senate, on behalf of the Majorities of the Montana House and Senate[1] (the "Legislative Majority"), respectfully move this Court to intervene in this matter. In support of their motion, the Legislative Majority state as follows:

1. This case challenges the constitutionality of Governor Bullock's unilateral directive forcing the State to implement a kind of universal vote-by-mail election in violation of Article I, Section 4 of the United States Constitution (the "Elections Clause"); Article II, Sec. 1 of the United States Constitution (the "Electors Clause"); and the right to vote.

2. Intervention as of right is required when an intervening party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Proc. 24(a)(2).

3. When analyzing a motion to intervene of right under Rule 24(a)(2), courts in

---

[1] Speaker Hertz and President Sales are authorized by their caucuses to file this brief on behalf of the Majorities of the Montana House and Senate.

**Proposed Intervenor Legislative**     - 2 -
**Majority's Motion to Intervene**

this Circuit apply a four-part test: "(1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (citing *Scotts Valley Band of Pomo Indians v. United States*, 921 F.2d 924, 926 (9th Cir. 1990)).

4. As more fully explained in the accompanying Memorandum in Support, the Montana State Legislature—of which the Legislative Majority makes up a controlling majority—has the primary and exclusive authority, checked only by Congress, in prescribing "The Times, Places and Manner of Holding Elections for Senators and Representatives" as well as the manner in which Montana appoints presidential electors. U.S. Const. Art. I, § 4; *see also* U.S. Const. Art. II, § 1.

5. Because the Elections Clause and the Electors Clause confer exclusive constitutional authority on the Montana State Legislature, Governor Bullock's directive directly implicates the Montana State Legislature's and the Legislative Majority's interests under the United States Constitution. As a consequence, the failure to allow the Legislative Majority to join this litigation

as a party will prevent it from protecting its constitutional granted exclusive authority and in turn will allow that authority to be severely impaired by the disposition of this action without its due consideration.

6. Plaintiffs filed this action only two days ago on September 2, 2020.

7. The Legislative Majority secured the necessary authorization and retained counsel as quickly as practicable to assert its federal constitutional rights, with counsel in turn moving as quickly as possible to pursue intervention and participation in this matter.

8. To ensure no delay occurs as a result of its participation, the Legislative Majority attaches hereto its Complaint.

9. The Legislative Majority does not oppose Plaintiffs' pending Motion for Preliminary Injunction or Motion to Expedite and consents to the proposed expedited briefing schedule.

10. Proposed Intervenors' counsel contacted all parties. Plaintiffs and Defendant Secretary of State does not oppose the motion. Defendant Bullock was contacted but has not yet advised counsel of its position.

**WHEREFORE**, Proposed Intervenor the Legislative Majority respectfully moves that this Court grant their Motion to Intervene.

**Proposed Intervenor Legislative**         - 4 -
**Majority's Motion to Intervene**

Date: September 4, 2020

Respectfully submitted,

Anita Y. Milanovich
MILANOVICH LAW, PLLC
100 E Broadway St.
The Berkeley Room
Butte, Montana 59701
Ph.: 406/589-6856
Email: aymilanovich@
 milanovichlaw.com
*Local Counsel for Proposed Intervenors*

Jason Torchinsky*
Dennis W. Polio*
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC
2300 N Street NW, Suite 643A
Washington, DC 20037
Ph.: 202/737-8808
Email: jtorchinsky@hvjtlaw.com
 dwpolio@hvjtlaw.com
*Lead Counsel for Proposed Intervenors*

*pro hac vice motion forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that a copy of a true and correct copy of the foregoing document was served on counsel of record in this matter on September 4, 2020, via the Court's ECF system, and parties not yet appearing were e-mailed a copy.

*Anita Y. Milanovich*