IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE, | CV 20–66–H–DLC<br><br>(Consolidated with Case No. CV–20–67–H–DLC) |
| Plaintiffs, | |
| And | ORDER |
| GREG HERTZ, in his official capacity as Speaker of the Montana House of Representatives; SCOTT SALES, in his official capacity as President of the Montana Senate, on behalf of the Majorities of the Montana House of Representatives and the Montana Senate, | |
| Intervenor-Plaintiffs, | |
| vs. | |
| STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana, | |
| Defendants, | |
| And | |

DSCC, DCCC, and MONTANA
DEMOCRATIC PARTY,

                              Intervenor-
                              Defendants.

Before the Court are two cases advancing nearly identical constitutional

challenges to Governor Stephen Bullock's August 6, 2020 directive permitting

counties within Montana to conduct the November 3, 2020 general election by

mail in ballot ("the Directive").  *Donald Trump for President, Inc., et al. v. Stephen*

*Bullock, et al.*, CV 20–66–H–DLC; *Joe Lamm, et al. v. Stephen Bullock, et al.*, CV

20–67–H–DLC.  In both actions, the Plaintiffs seek a preliminary injunction

enjoining enforcement of the Directive.  (*Id.*)

The Federal Rules of Civil Procedure permit this Court to consolidate

actions that involve a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).

Rule 42 affords this Court "substantial discretion in deciding whether and to what

extent to consolidate cases."  *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).  The

Court finds that common questions of both law and fact exist in the two

aforementioned actions.  As such, consolidation is appropriate.

Accordingly, IT IS ORDERED that Case Nos. CV 20–66–H–DLC and CV–

20–67–H–DLC are CONSOLIDATED pursuant to Federal Rule of Civil Procedure

42(a)(2).  Pursuant to the Guide for Filing in the District of Montana regarding

consolidated cases, all documents shall be e-filed in the lead case (CV 20–66–H–DLC) and spread to the appropriate member case (CV 20–67–H–DLC).  When prompted to spread, users should answer "yes."  Further, from this point forward, any brief filed in these consolidated cases shall refer only to the docket and associated document numbers in the lead case (CV 20–66–H–DLC).

IT IS FURTHER ORDERED that the parties shall adhere to the briefing schedule established in the lead case (CV 20–66–H–DLC) with respect to the Plaintiffs' motion for preliminary injunction.  (Doc. 35).  This means Defendants in the member case (CV 20–67–H–DLC) shall file their answer or other responsive pleading to the Plaintiffs' complaint (Doc. 1) and their response to the Plaintiffs' motion for a preliminary injunction (Doc. 2) on or before September 17, 2020.  The Plaintiffs in the member case (CV 20–67–H–DLC) shall file an optional reply brief to the motion for preliminary injunction (Doc. 2) on or before September 18, 2020.  All briefs filed by the parties in the member case (CV 20–67–H–DLC) shall adhere to the word limitations imposed in the lead case (CV 20–66–H–DLC).  (Doc. 35 at 4). The parties to the member case (CV 20–67–H–DLC) shall attend and participate in the hearing set for 1:00 P.M. on September 22, 2020, at the Russel Smith Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that to the extent the Plaintiff's Motion to Expedite (Doc. 4) in the member case (CV 20–67–H–DLC) seeks to establish different timing or procedures than that set forth above, IT IS DENIED.

DATED this 9th day of September, 2020.


_____
Dana L. Christensen, District Judge
United States District Court