IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE, | CV 20–66–H–DLC<br><br>(Consolidated with Case No. CV–20–67–H–DLC)<br><br><br>ORDER |
| Plaintiffs, | |
| And | |
| GREG HERTZ, in his official capacity as Speaker of the Montana House of Representatives; SCOTT SALES, in his official capacity as President of the Montana Senate, on behalf of the Majorities of the Montana House of Representatives and the Montana Senate, | |
| Intervenor-Plaintiffs, | |
| vs. | |
| STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana, | |
| Defendants, | |
| And | |

1

DSCC, DCCC, and MONTANA
DEMOCRATIC PARTY,

                         Intervenor-
                         Defendants.

Before the Court is the League of Women Voters of Montana's
("LWVMT") Motion to Intervene as a defendant in this matter.  (Doc. 59.)
LWVMT argues it is entitled to either mandatory or permissive intervention under
Rule 24 of the Federal Rules of Civil Procedure.  (Doc. 60 at 7–20.)  Plaintiffs and
Intervenor-Plaintiffs object to LWVMT's intervention in this case, but do not
object to its participation as amicus.  (Doc. 59 at 4.)  The remaining parties level no
objection to LWVMT's motion to intervene.  (*Id.*)  For the reasons stated herein,
LWVMT's motion (Doc. 59) will be denied, but the Court will grant it leave to
participate in this case as amicus.

The Federal Rules of Civil Procedure contemplate either mandatory or
permissive intervention.  Fed. R. Civ. P. 24.  This Court recognizes that Rule 24 is
traditionally construed "broadly in favor of proposed intervenors."  *Wilderness
Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).  On the other hand,
however, practical and equitable considerations are the guiding light in Rule 24
determinations.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

Under Rule 24(a), this Court "must permit anyone to intervene who: (1) is

given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *Id.* Because LWVMT does not argue it is entitled to intervene pursuant to a federal statute, the Court confines its analysis to intervention under Rule 24(a)(2).

In order to be entitled to intervention under Rule 24(a)(2), a party must satisfy four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.. *Arakaki*, 324 F.3d at 1083. The failure of a party to satisfy one of these elements is fatal to its quest for intervention. *League of United Latin America Citizens v. Wilson*, 131 F.3d 1297, 1302, 1307 (9th Cir. 1997).

With respect to the first element—timeliness—the Court finds that the LWVMT has timely sought to intervene in this case. This motion (Doc. 59) was filed shortly after the lead case (CV 20–66–H–DLC) and member case (CV–20–67–H–DLC) were filed and prior to the passage of any of the critical deadlines

established in this case.  (Doc. 35.)  As such, the first requirement of intervention

appears to be met.

With respect to the second element—a significantly protectable interest—

LWVMT argues that it has two distinct interests at stake in this litigation.  These

include: (1) the voting rights of its members; and (2) its "right to promote civic

engagement and engage in voter education efforts."  (Doc. 60 at 9–10.)  For its part

under the third element, LWVMT likewise argues that the Plaintiffs' claims,

should they carry the day, would necessarily impede their ability to protect these

interests by "curtailing access to" the ballots of its members and "reversing the

fruits of its advocacy and undermining its voter education efforts thus far."  (*Id.* at

12.)  The Court finds that it need not inquire as to the adequacy of these asserted

interests or the effect the disposition of the action would have on them, because the

Court remains unconvinced that such interests remain inadequately represented by

the current parties.

When analyzing the fourth element, this Court should consider "(1) whether

the interest of a present party is such that it will undoubtedly make all the

intervenor's arguments; (2) whether the present party is capable and willing to

make such arguments; and (3) whether the would-be intervenor would offer any

necessary elements to the proceedings that other parties would neglect."

*Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996).  The

question presented by this litigation is whether Governor Bullock's August 6, 2020 directive ("the Directive") is unconstitutional.  In protecting the interests identified above, the LWVMT would necessarily be tasked with defending the constitutionality of the Directive.  Indeed, the LWVMT has indicated its intent to do as much.  (Doc. 60 at 19–20.)  As such, the Court finds the LWVMT's attempts to cast its interests as divergent from those of the existing Defendants or Intervenor-Defendants unavailing.

Specifically, the Court is skeptical that the LWVMT will present arguments in support of the constitutionality of the Directive different than those asserted by the existing parties to this case.  Indeed, the Court presumes that Governor Bullock, among other parties, is capable and willing to defend the constitutionality of his own Directive. Finally, the Court does not find that the LWVMT would provide this litigation with any necessary elements not currently attended to by the parties.

This determination is fortified by the practical and equitable considerations which drive any mandatory intervention analysis. *Arakaki*, 324 F.3d at 1083.  The Court finds that the LWVMT's interests in ensuring its voter education efforts are not undermined and that its members can exercise their franchise is not dissimilar to the interests of any number of politically involved organizations in Montana.  If this Court were to permit the LWVMT to intervene on this basis alone, it would be

hard pressed to deny future motions seeking intervention from any number of the hundreds of organizations who engage in such efforts from a partisan or nonpartisan standpoint.  As a matter of practicality and equity, the Court cannot permit this action to be overwhelmed by any number of groups seeking to protect similar interests to those enumerated by LWVMT in its motion (Doc. 59).  In short, the Court finds that the LWVMT is not entitled to mandatory intervention under Rule 24(a).

But this determination does not end the matter, because the LWVMT alternatively seeks permissive intervention under Rule 24(b).  (Doc. 60 at 18–20). Under Rule 24(b), this Court may permit a party to intervene if they assert "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In order to be eligible for permissive intervention, a party must meet three threshold requirements, including that: (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  Even if such requirements are met, however, it remains well within this Court's discretion to deny permissive intervention.  *Id.*  In exercising this discretion, the Court agrees with the District of Idaho that "the Court should avoid 'piling on' litigants without cause."  *United States v. Howell*, 2018 WL 4500134, 3 (D. Idaho 2018).

6

Given the practical and equitable considerations outlined above, this Court finds that even if LWVMT meets the elements for permissive intervention, such intervention is not appropriate. Additionally, because the LWVMT seeks to intervene for the purposes of defending the constitutionality of the Directive, the Court fears its intervention would simply be piling onto the arguments advanced by the other parties to this litigation. (Doc. 60 at 19–20). As such, the Court will deny the LWVMT's request for permissive intervention under Rule 24.

Accordingly, IT IS ORDERED that the LWVMT's motion (Doc. 59) is DENIED.

IT IS FURTHER ORDERED that, pursuant to Local Rule 7.5, the LWVMT shall be permitted to participate in this case as amicus by filing an amicus brief on or before September 17, 2020.

IT IS FURTHER ORDERED that any amicus brief filed by the LWVMT shall not exceed 4000 words.

DATED this 14th day of September, 2020.

Dana L. Christensen, District Judge
United States District Court