IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE,<br><br>    Plaintiffs,<br><br>and<br><br>GREG HERTZ, in his official capacity as Speaker of the Montana House of Representatives; SCOTT SALES, in his official capacity as President of the Montana Senate, on behalf of the Majorities of the Montana House of Representatives and the Montana Senate,<br><br>    Intervenor-Plaintiffs,<br><br>vs.<br><br>STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana,<br><br>    Defendants,<br><br>and | CV 20–66–H–DLC<br><br>(Consolidated with Case No. CV–20–67–H–DLC)<br><br>ORDER |

1

| | |
|---|---|
| DSCC, DCCC, and MONTANA DEMOCRATIC PARTY, | |
| Intervenor-Defendants. | |

The Court is set to hear oral argument on the Plaintiffs' motions for preliminary injunctive relief (Docs. 2; 8)[1] at 1:00 P.M. on September 22, 2020, at the Russell Smith Courthouse in Missoula, Montana. (Doc. 35 at 5.) The Court previously reserved allocation of time limits for oral arguments at this hearing.

Additionally, Plaintiffs in the member case (CV–20–67–H–DLC) have moved this Court for an order consolidating the hearing on its motion for a preliminary injunction (Doc. 2) with a trial on the merits. (Doc. 6.)[2] Rule 65(a)(2) permits this Court to advance a trial on the merits by consolidating it with a hearing for a preliminary injunction. Fed. R. Civ. P. 65(a)(2). The only limitation on such consolidation is that this Court must provide the parties with "clear and unambiguous notice [of the intended consolidation] either before the hearing commences or at a time which will afford the parties a full opportunity to present

---

[1] One of these motions (Doc. 2) was filed in the member case (CV–20–67–H–DLC) prior to this Court's consolidation of the action with the lead case (CV 20–66–H–DLC). (Doc. 45.) As such, reference to document 2 is as it exists in the member case (CV–20–67–H–DLC) pre-consolidation.

[2] This motion (Doc. 6) was filed in the member case (CV–20–67–H–DLC) prior to this Court's consolidation of the action with the lead case (CV 20–66–H–DLC). (Doc. 45.) As such, reference to document 6 refers to that motion as it exists in the member case (CV–20–67–H–DLC) pre-consolidation.

their respective cases." *Air Line Pilots Ass'n, Int'l v. Alaska Airlines, Inc.*, 898 F.2d 1393, 1397 (9th Cir. 1990) (alteration in original).

Here, the Court finds such consolidation appropriate. Given the expedited and predominately legal nature of the questions presented by this litigation, the Court finds that most (if not all) of the evidence presented by the parties through the briefing and hearing on the motions for preliminary injunctions will be relevant to adjudicating the Plaintiffs' claims on the merits. This includes their request for permanent injunctive relief. (Docs. 1 at 34; 1 at 39.) As such, the Court does not find that such consolidation will deprive the parties of their ability to fully present their respective cases to the Court.

Accordingly, IT IS ORDERED that the Plaintiffs' motion for consolidation (Doc. 6) is GRANTED.

IT IS FURTHER ORDERED that the hearing on the Plaintiffs' respective motions for preliminary injunctive relief (Docs. 2; 8) is CONSOLIDATED with a trial on the merits. The parties shall be prepared at the September 22, 2020 hearing to present their case for and against the issuance of the permanent injunctive relief sought by Plaintiffs in both the lead (CV 20–66–H–DLC) and member (CV–20–67–H–DLC) cases.

IT IS FURTHER ORDERED that time for oral argument at the September 22, 2020 hearing (Doc. 35) shall be allocated as follows:

3

(1) Plaintiffs in the lead case (CV 20–66–H–DLC) shall be afforded thirty minutes;

(2) Intervenor-Plaintiffs in the lead case (CV 20–66–H–DLC) shall be afforded fifteen minutes;

(3) Plaintiffs in the member case (CV–20–67–H–DLC) shall be afforded thirty minutes;

(4) Defendant Governor Stephen Bullock shall be afforded thirty minutes;

(5) Intervenor-Defendants shall be afforded thirty minutes;

(6) Defendant Corey Stapleton shall be afforded fifteen minutes; and

(7) Amicus League of Women Voters shall be afforded fifteen minutes.

IT IS FURTHER ORDERED that the foregoing allocations are exclusive of any time spent responding to questions posed by the Court but do include any time reserved for rebuttal.  Intervenor-Plaintiffs, Intervenor-Defendants, and participating amicus shall not be allowed any time for rebuttal.

IT IS FURTHER ORDERED that during the September 22, 2020 hearing, pursuant to the United States District Court for the District of Montana's Administrative Order 20-25, counsel shall be permitted to remove their masks during such time that they are actively arguing before the Court.

IT IS FURTHER ORDERED that the Court will not entertain requests from counsel who will argue to appear remotely at the hearing on September 22, 2020.

Counsel must appear personally before the Court if they wish to participate in oral argument. Non-participating counsel that wishes to attend remotely may do so via telephone by calling into 1-888-684-8852 and utilizing the access code 4181912.

DATED this 16th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court