IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE,<br><br>　　　　　　Plaintiffs,<br><br>and<br><br>GREG HERTZ, in his official capacity as Speaker of the Montana House of Representatives; SCOTT SALES, in his official capacity as President of the Montana Senate, on behalf of the Majorities of the Montana House of Representatives and the Montana Senate,<br><br>　　　　　　Intervenor-Plaintiffs,<br><br>vs.<br><br>STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana,<br><br>　　　　　　Defendants,<br><br>and | CV 20–66–H–DLC<br><br>(Consolidated with Case No. CV–20–67–H–DLC)<br><br><br>ORDER |

1

| |
|---|
| DSCC, DCCC, and MONTANA DEMOCRATIC PARTY,<br><br>                    Intervenor-Defendants. |

Before the Court is Plaintiffs' motion seeking clarification of this Court's September 16, 2020 Order (Doc. 69) imposing certain restrictions on counsels' attendance and participation at the hearing currently set for September 22, 2020. (Doc. 70.)

The Court's Order stated that it will not entertain requests to appear remotely from counsel who intend to argue at the September 22, 2020 hearing. (Doc. 69 at 4–5.) Plaintiffs' seek clarification of whether, in light of Local Rule 83.1(d)(6), non-arguing local counsel must appear personally at the September 22, 2020 hearing even if only *pro hac vice* counsel intends to argue. (Doc. 70 at 2.) Plaintiffs' represent that *pro hac vice* counsel, rather than local counsel, will provide oral argument in support of their case. (*Id.*)

Local Rule 83.1(d)(6) requires local counsel to "participate actively in all phases of the case" which includes their attendance at all court proceedings for a given matter in which *pro hac vice* counsel is involved. It is the view of this Court, however, that such attendance can be accomplished through remote attendance without offense to the Local Rules. As such, local counsel for the numerous *pro*

2

*hac vice* admitted in this case shall be permitted to attend the hearing remotely if they do not intend to present argument on their parties' behalf.

Accordingly, IT IS ORDERED that the Court clarifies its prior Order (Doc. 69) by specifying that local counsel need only attend the September 22, 2020 hearing personally if they intend to participate in oral argument. If local counsel does not intend to participate in oral argument, then they shall be permitted to attend remotely by following the instructions contained in this Court's prior Order. (Doc. 69 at 5.)

DATED this 18th day of September, 2020.

_____
Dana L. Christensen, District Judge
United States District Court