RAPHAEL GRAYBILL
 Chief Legal Counsel
RYLEE SOMMERS-FLANAGAN
 Deputy Legal Counsel
 Office of the Governor
 P.O. Box 200801
 Helena, MT 59620-0801
 (406) 444-3179

CHRISTOPHER D. ABBOTT
 Assistant Attorney General
 Agency Legal Services Bureau
 P.O. Box 201440
 Helena, MT 59620-1440
 (406) 444-5779

Attorneys for Governor Steve Bullock

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE,<br><br>*Plaintiffs*,<br><br>and<br><br>GREG HERTZ, in his official capacity as Speaker of the Montana House of Representatives; SCOTT SALES, in his official capacity as President of the Montana Senate, on behalf of the Majorities of the Montana House of Representative and Montana Senate, | Case No. 6:20-cv-00066-H-DLC<br><br>(Consolidated with<br>Case No. 6:20-cv-00067-H-DLC)<br><br><br><br>**GOVERNOR BULLOCK'S BRIEF IN SUPPORT OF MOTION TO STRIKE** |

|  |
|---|
| *Intervenor-Plaintiffs,* |
| vs. |
| STEVE BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana |
| *Defendants,* |
| and |
| DSCC; DCCC; and MONTANA DEMOCRATIC PARTY, |
| *Intervenor-Defendants.* |
| JOE LAMM, Ravalli County Republican Central Committee, JEFF WAGNER, SYLVIA WATNER, FIONA NAVE, BRENT NAVE, |
| *Plaintiffs,* |
| v. |
| STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana, |
| *Defendants.* |

Two days after trial, Plaintiff-Intervenors Representative Greg Hertz and Senator Scott Sales attempt to introduce new evidence to shore up their claim to standing in this case. This new evidence, a declaration from Hertz (Dkt. 106-1), only confirms what the Court already knows to be true—that the Republican caucuses of the Montana Legislature support Hertz and Sales's intervention in this lawsuit.

Trial is the time for evidence, and parties may not present evidence post-trial simply because they neglected to do so earlier. The information contained in the Declaration is not newly available. And yet, Hertz and Sales failed to produce that evidence before or during the hearing, and now do so without seeking the Court's leave. Fed. R. Civ. P. 6(b). Courts routinely reject efforts to file untimely declarations. *See, e.g., Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 895 (1990) (finding appellate court wrongly relied on post-hearing standing affidavits that the district court excluded as untimely); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 835 (9th Cir. 2011) (excluding declarations untimely and "not genuinely rebuttal or otherwise admissible"); *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1226 (9th Cir. 2005) (no abuse of discretion where district court struck declaration as untimely); *Diamond Power Int'l v. Clyde Bergemann, Inc.*, 370 F. Supp. 2d 1339, 1345 (N.D. Ga. 2005) (striking declaration attached to post-hearing brief as untimely).

The Hertz Declaration presents an irrelevant distraction from the proper standing analysis. *See* Fed. R. Evid. 401, 403. Except for limited powers lawfully

1

delegated to the Legislative Council during the interim, *see* tit. 5, ch. 11, pt. 1, MCA the Legislature may only exercise its powers in session, upon bicameral majority vote in accordance with its rules. *See State ex rel. Judge v. Leg. Fin. Comm. & Its Members*, 168 Mont. 477, 543 P.2d 1317, 1321 (Mont. 1975) (holding that power properly residing "in either the entire legislative body while in session or, if properly delegated, in an executive agency," could not be delegated to an interim committee because it did "not constitute the action of the entire legislature"); Mont. Leg. Joint R. 40-60, Dkt. 104-1 at 14–15 (specifying requirements for joint resolutions); Mont. Leg. Joint R. 10-150, Dkt. 104-1 at 5 (joint resolutions may only be passed upon recorded public vote). Neither Hertz and Sales, nor the majority caucuses they lead, constitute the Legislature—as implicitly conceded by *their choice* to appear in this case as individual legislative leaders and caucuses, not the Montana Legislature. Caucuses lack standing to assert claims under the Elections or Electors Clauses.[1]

The Hertz Declaration is untimely and irrelevant, and for those reasons is prejudicial to Defendants. The Court should strike it.

---

[1] The Hertz Declaration does not alter *Coleman*'s inapplicability, either. There, a majority of legislators objected to the nullification of a vote they took while in session. *See Ariz. State Legislature v. Ariz. Ind. Redistricting Comm'n*, 576 U.S. 787, 803 (2015) (*Coleman* "stood for the proposition that legislators whose votes would have been sufficient to defeat (or enact) a specific legislative Act have standing to sue if that legislative action goes into effect (or does not go in to effect), on the ground that their votes have been completely nullified.").

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Raphael Graybill* |
|  | RAPHAEL GRAYBILL<br>Chief Legal Counsel<br>RYLEE SOMMERS-FLANAGAN<br>Deputy Legal Counsel<br>Office of the Governor<br>PO Box 200801<br>Helena, MT 59620-0801<br>Phone: (406) 444-3179 |
|  | CHRISTOPHER D. ABBOTT<br>Assistant Attorney General<br>Agency Legal Services Bureau<br>P.O. Box 201440<br>Helena, MT 59620-1440<br>Phone: (406) 444-5779 |
| September 24, 2020 | *Attorneys for Governor Steve Bullock* |

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1 of the Rules of Procedure of the United States District Court for the District of Montana, I certify the following concerning the Motion:

1. the document is double spaced except for footnotes and quoted and indented material;

2. the document is proportionally spaced, using Baskerville, 14 point font; and

3. the document contains 594 words, excluding the caption, certificates, and tables, as calculated by Microsoft Word.

DATED:    September 24, 2020

*/s/ Raphael Graybill*

Raphael Graybill

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2020, I electronically filed this brief in support of the plaintiffs' motion for summary judgment through this Court's CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Raphael Graybill*
Raphael Graybill