James Brown (MT No. 8916)
THE JAMES BROWN LAW OFFICE, PLLC
30 South Ewing Street, Suite 100
Helena, Montana 59601
Ph.: (406) 925-1745
Email: jim@thunderdomelaw.com

Thomas R. McCarthy*
Tyler R. Green*
Bryan Weir*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
Email: tom@consovoymccarthy.com

*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DONALD J. TRUMP FOR PRESIDENT, INC., REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN SENATORIAL COMMITTEE; MONTANA REPUBLICAN STATE CENTRAL COMMITTEE,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>STEPHEN BULLOCK, in his official capacity as Governor of Montana; COREY STAPLETON, in his official capacity as Secretary of State of Montana,<br><br>　　　　　Defendants. | No. 6:20-cv-00066-DLC<br><br>**PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD ON STANDING** |

Plaintiffs move to supplement the record with evidence responsive to arguments about their standing that Defendants raised at last Tuesday's hearing based on *Donald J. Trump, Inc. v. Cegavske*, No. 2:20-cv-1445 (D. Nev. Sept. 21, 2020) (Doc. 101-1), a decision released the day before that hearing. The supplemental evidence is a declaration of Spenser Merwin, the Executive Director of the Montana Republican State Central Committee, in which Mr. Merwin explains that Governor Bullock's Election Directive has led to a 73% decrease in the number of in-person polling places scheduled to be open on Election Day for the 2020 general election. *See* Ex. 1. That drop has made it more difficult for Plaintiffs' voters to cast their ballots in-person and thus has required Plaintiffs to divert their resources to educate their voters and track (and implement) county-by-county changes to their get-out-the-vote strategies and plans. Intervenor-Plaintiffs consent to this motion; Defendant Stephen Bullock, Intervenor-Defendants DSCC, DCCC, and Montana Democratic Party oppose this motion; and Defendant Corey Stapleton has not yet responded to Plaintiffs' request for his position on this motion.

Courts routinely allow parties to supplement the record on standing. *See, e.g.*, *S. Utah Wilderness All. v. Palma*, 2011 WL 2565198, at *3 (D. Utah Apr. 4, 2011) (allowing a plaintiff to "supplement the record with any additional information needed to establish standing" after "additional questions were raised" on that question at a hearing); *Brackeen v. Zinke*, 2018 WL 10561985, at *1 n.3 (N.D. Tex.

Oct. 29, 2018) (granting a motion to supplement the record because "the supplementary documents are relevant to subject matter jurisdiction."). Indeed, the courts of appeals allow such supplementation well after district court proceedings conclude. *See Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 957-58 & n.4 (8th Cir. 2019) (granting motion to supplement briefing on standing based on new authority); *Whitlock Const., Inc. v. Glickman*, 12 F. App'x 636, 638 (10th Cir. 2001) ("[W]e will allow plaintiff to supplement the record to permit a full determination."). Because standing is a jurisdictional question, parties often do not oppose such supplementation. *See, e.g.*, *Momenta Pharm., Inc. v. Bristol-Myers Squibb Co.*, 915 F.3d 764, 765 n.2 (Fed. Cir. 2019).

Granting the motion would not prejudice Defendants because the supplementation would come just four days after the Court's hearing. Indeed, denying the motion would prejudice Plaintiffs because Defendants relied heavily on *Cegavske* at the hearing, which was issued just the day before. Plaintiffs could not reasonably be expected to anticipate Defendants' exact arguments about that case and gather responsive evidence to address those arguments in the roughly 24 hours between the decision's release and this Court's hearing. And granting the motion would treat Plaintiffs similarly to Governor Bullock, who was allowed to submit supplemental information based on issues he raised for the first time at the hearing. *See* Doc. 104.

For these reasons, the Court should grant Plaintiffs' motion to supplement the record.

Dated: September 25, 2020

Respectfully submitted,

*/s/ Tyler R. Green*
James Brown (MT No. 8916)
THE JAMES BROWN LAW OFFICE, PLLC
30 South Ewing Street, Suite 100
Helena, Montana 59601
Ph.: (406) 925-1745
Email: jim@thunderdomelaw.com

Thomas R. McCarthy*
Tyler R. Green*
Bryan Weir*
Cameron T. Norris*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
Email: tyler@consovoymccarthy.com

* *admitted pro hac vice*

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief complies with Local Rule 7.1 because (1) it contains 481 words, (2) uses Times New Roman size 14-point font, and (3) is double spaced.

> */s/ Tyler R. Green*
> Tyler R. Green*
> CONSOVOY MCCARTHY PLLC
> 1600 Wilson Boulevard, Suite 700
> Arlington, VA 22209
> Ph.: (703) 243-9423
> Email: tyler@consovoymccarthy.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2020, I electronically filed this pleading with the Clerk of the Court using the CM/ECF system, which served this pleading on all parties.

> */s/ Tyler R. Green*
> Tyler R. Green*
> CONSOVOY MCCARTHY PLLC
> 1600 Wilson Boulevard, Suite 700
> Arlington, VA 22209
> Ph.: (703) 243-9423
> Email: tyler@consovoymccarthy.com